UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) OLDE MOHAWK, INC, WARD A. HAMILTON ) and BEVERLY B. COLLINS and ) BEVERLY BELL COLLINS as TRUSTEE OF ) THE COLLINS 2017 TRUST, ) ) Defendants. ) | C.A. NO.: 2023-cv-10863 Electronically Filed |

## INTRODUCTORY STATEMENT

This is a Declaratory Judgment action brought pursuant to 28 U.S.C. sec. 1332 in which the Plaintiff, Atain Specialty Insurance Company ("Atain"), seeks a declaration that it is not obligated to indemnify its insured, Olde Mohawk, Inc. with respect to a Massachusetts Superior Court lawsuit brought by Beverly B. Collins and Beverly Bell Collins as Trustee of the Collins 2017 Trust captioned *Beverly B. Collins and Beverly Bell Collins as Trustee of the Collins 2017 Trust v. Olde Mohawk, Inc. and Ward A. Hamilton, Middlesex County Civil Act. No.: 2021-4631* ("State Court action"). The State Court action asserts claims for faulty workmanship and breach of contract that do not constitute an "occurrence" or are excluded by the terms and conditions of the applicable policy and further seeks to recover attorney's fees and G.L. ch. 93A damages which are not covered by the policy.

1

## PARTIES

1. The Plaintiff, Atain Specialty Insurance Company ("Atain"), is a Michigan Corporation with its principal place of business at 30833 Northwestern Highway, Farmington Hills, Michigan.

2. The Defendant Olde Mohawk, Inc. is a Massachusetts business corporation with a usual place of business at 87 East Emerson Street, Melrose, Middlesex County, Commonwealth of Massachusetts.

3. The Defendant Ward A. Hamilton is the President of Olde Mohawk, Inc. and maintains a principal place of business at 87 East Emerson Street, Melrose, Middlesex County, Commonwealth of Massachusetts

4. The Defendant Beverly B. Collins and Beverly Bell Collins as Trustee of the Collins 2017 Trust resides at One Wright Lane, Westford, Middlesex County, Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00.

6. Venue is properly laid in this judicial district because the events giving rise to the claims set forth in this Complaint occurred in this district, Plaintiff's insured conducts business in the district and the relevant acts and omissions as alleged occurred in this district.

## FACTS

7. Atain issued a Commercial General Liability policy for the period of July 30, 2020 through July 30, 2021 to the Defendant Olde Mohawk, Inc. d/b/a Olde Mohawk Historic Preservation ("Olde Mohawk, Inc.").

8. The policy contains the following provisions:

**SECTION 1 – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\*   \*   \*   \*   \*   \*   \*   \*   \*

2. **Exclusions**

This insurance does not apply to:

\*   \*   \*   \*   \*   \*   \*   \*   \*

j. **Damage To Property**

"Property Damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operation, if the "property damage" arises out of those operation; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

**k.    Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply of the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.    Damage To Impaired Property Or Property Not Physically injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work", or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

*    *    *    *    *    *    *    *    *

**SECTION V – DEFINITIONS**

*    *    *    *    *    *    *    *    *

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

4

If such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \* \* \* \* \* \* \*

**16.** "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

  **(1)** Products that are still in your physical possession: or

  **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   (a) When all of the work called for in your contract has been completed.

   (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\* \* \* \* \* \* \* \* \*

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of us shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

\* \* \* \* \* \* \* \* \*

**22.** "Your Work";

a.  Means:
  (1) Work or operations performed by you or on your behalf; and

5

      (2) Materials, parts or equipment furnished in connection with such work or operations.

  b.  Includes:
      (1) Warranties or representations made at any time with respect to the fitness, qualify, durability, performance or use of "your work", and

      (2) The providing of or failure to provide warnings or instructions.

      \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMBINED COVERAGE AND EXCLUSION ENDORSEMENT**

      \*   \*   \*   \*   \*   \*   \*   \*   \*

We will pay with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

      \*   \*   \*   \*   \*   \*   \*   \*   \*

  e.    All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

Attached hereto as **Exhibit 1** is a true and accurate copy of the Atain policy issued to Olde Mohawk, Inc.

9. Beverly Bell Collins as Trustee of the Collins 2017 Trust owns One Wright Lane, Westford, Middlesex County, Commonwealth of Massachusetts,

10. Beverly B. Collins contracted with Olde Mohawk, Inc. to provide home improvement services to the home located at One Wright Lane, Westford, Middlesex County, Commonwealth of Massachusetts, including, the removal and replacement of the existing shingles and the replacement of any rotted roof decking.

11. Olde Mohawk, Inc. performed the roofing work on or after August 31, 2020.

12. Beverly B. Collins and Beverly Bell Collins as Trustee of the Collins 2017 Trust filed a civil action against Olde Mohawk and Hamilton in the Middlesex County Superior Court asserting claims for violation of G.L. ch. 142A, violation of G.L., 93A, breach of contract, and negligence, captioned *Beverly B. Collins and Beverly Bell Collins as Trustee of the Collins 2017 Trust v. Olde Mohawk, Inc. and Ward A. Hamilton,*

6

*Middlesex County Civil Act. No.: 2021-4631*. A true and accurate copy of the State Court complaint is attached hereto as **Exhibit 2**.

13. Beverly B. Collins, individually and as trustee, alleges that Olde Mohawk, Inc. and Hamilton performed the roofing work in an unworkmanlike manner, defectively installed the new roof covering, failed to properly waterproof the structure, and left the structure with numerous roof leaks which caused damage to the interior of the house.

14. Based on these allegations, Beverly B. Collins, individually and as trustee is seeking the removal and replacement of the roof installed by Olde Mohawk, Inc.

15. Beverly B. Collins, individually and as trustee, has asserted a claim against Olde Mohawk, Inc. and Hamilton for violation of G.L. ch. 142A, governing residential construction contracts, and is seeking to recover attorney's fees and damages.

16. Beverly B. Collins, individually and as trustee, has asserted a claim against Olde Mohawk, Inc. and Hamilton for violation of G.L. ch. 93A arising out of the allegations of improper workmanship and failure to comply with G.L. ch. 142A and is seeking to recover attorney's fees and damages.

17. Beverly B. Collins, individually and as trustee, has asserted a claim against Olde Mohawk, Inc. and Hamilton for breach of contract for installing a defective roof.

18. Beverly B. Collins, individually and as trustee, has asserted a claim against Olde Mohawk, Inc. and Hamilton for negligence claiming damages to real and personal property.

19. Atain is currently providing Olde Mohawk and Hamilton a defense in this matter, subject to a reservation of rights to disclaim coverage for claims that do not constitute an occurrence, do not constitute property damage and are otherwise excluded by the policy. A copy of Atain's reservation of rights letter is attached hereto as **Exhibit 3**.

## COUNT I
*DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*
*The Atain Policy Excludes Claims for Faulty Workmanship*

20. Atain incorporates herein the allegations of paragraphs 1-19.

21. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide the Defendants with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Olde Mohawk, Inc.

22. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the claims asserted against Olde Mohawk, Inc. for either negligence or breach of contract to the extent such claims do not constitute an "occurrence" or are excluded by the workmanship exclusions of the applicable policy, and that Atain is not obligated to indemnify Olde Mohawk, Inc., or to any other entity, for such claims.

## COUNT II
*DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*
*The Atain Policy Does Not Cover Claims for Attorney's Fees and G.L. ch. 93A Damages*

23. Atain incorporates herein the allegations of paragraphs 1-22.

24. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide the Defendants with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Olde Mohawk, Inc.

25. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for any attorney's fees taxed against the insured as such damages do not constitute "property damage" and the policy does not provide coverage for attorneys' fees taxed against the insured.

26. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for any judgment awarding G.L. ch. 93A damages against the insured as such damages do not constitute "property damage" and are not covered by the policy.

**WHEREFORE**, Atain requests this Honorable Court to declare that Atain does not have a duty to indemnify Olde Mohawk, Inc. or any other entity for the claims made against Olde Mohawk, Inc.., as set forth in *Beverly B. Collins and Beverly Bell Collins as Trustee of the Collins 2017 Trust v. Olde Mohawk, Inc. and Ward A. Hamilton, Middlesex County Civil Act.*

8

*No.: 2021-4631*, for any claims that: (1) do not constitute an "occurrence" under the subject policy; (2) for any claims excluded by the workmanship exclusions of the subject policy; (3) for any claim for attorney's fees as such claims do not constitute "property damage" and are not covered by the subject policy; and, (4) for any claims for G.L. ch. 93A damages as such claims do not constitute "property damage" and are not covered by the subject policy.

        Respectfully Submitted,
        Atain Specialty Insurance Company
        By Its Attorneys,


        /s/ Matthew W. Perkins_____
        Matthew W. Perkins
        BBO No. 564868
        Lecomte, Emanuelson and Doyle
        Batterymarch Park II, One Pine Hill Drive
        Suite 105, Quincy, MA 02169
        (617) 328-1900
        mperkins@lecomtelaw.com

Dated: April 21, 2023