## LECOMTE, EMANUELSON and DOYLE

ATTORNEYS AT LAW

BATTERYMARCH PARK II

ONE PINE HILL DRIVE, SUITE 105

QUINCY, MASSACHUSETTS 02169

(617) 328-1900

FACSIMILE (617) 328-2030

www.lecomtelaw.com

155 SOUTH MAIN STREET
PROVIDENCE, RHODE ISLAND 02903
(401) 454-3111

PLEASE RESPOND TO
QUINCY OFFICE

Matthew W. Perkins
Admitted in MA and RI

mperkins@lecomtelaw.com

Extension 204

January 10, 2022

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED
& FIRST CLASS MAIL**

Ward A. Hamilton
Olde Mohawk Inc.
87 East Street
Melrose, MA 02176

   *Re:* *Collins v. Olde Mohawk Inc*

Dear Mr. Hamilton:

   This office has been retained by Atain Specialty Insurance Company ("Atain") to respond to Olde Mohawk Inc. and Ward A. Hamilton's collectively, ("Olde Mohawk") request for coverage under the Commercial General Liability policy issued by Atain to Olde Mohawk based on a complaint brought by Beverly B. Collins individually and as Trustee of the Collins 2017 Trust ("Collins") asserting claims for violation of G.L. ch. 142A (regulations pertaining to residential contracting), violation of G.L. ch. 93A, breach of contract, and negligence against Olde Mohawk.

   Atain issued a Commercial General Liability policy to Olde Mohawk for the period of July 23, 2020 through July 23, 2021. This policy provides liability coverage for Olde Mohawk's covered acts and omissions for an occurrence during the policy period. I have reviewed the allegations of the complaint and compared those allegations to the coverage afforded Olde Mohawk under the policies. Atain agrees to defend Olde

Mohawk pursuant to the Reservation of Rights set forth herein. Atain has retained Tom Tang of Tang & Maravelis to defend Olde Mohawk in the Complaint. Mr. Tang can be reached at 781-221-1400 or ttang@tangmaravelis.com. Mr. Tang will be in touch with you shortly.

### BACKGROUND

In this matter, Collins has asserted claims against Olde Mohawk for breach of a construction contract to install a wood shingle roof on Collins' antique home. The bulk of the Plaintiff's claim is for failure to comply with statute governing residential contracting, violation of the Massachusetts consumer protection statute, G.L. ch. 93 and breach of contract. Collins does assert a claim for negligence alleging that Olde Mohawk's improper workmanship caused property damage in the amount of $10,000. The primary claim is for removal and replacement of the roof as Collins has alleged that the roof is defective and improperly installed.

### POLICY PROVISIONS

In determining Atain's coverage obligations, I have reviewed the allegations of the complaint and compared the allegations to the terms and conditions of the Commercial General Liability policy. The pertinent policy provisions are referenced below:

**SECTION 1 – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance

applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

\* \* \* \* \* \* \* \* \*

**2. Exclusions**

This insurance does not apply to:

\* \* \* \* \* \* \* \* \*

**j. Damage to Property**

"Property Damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * * * * * * * *

m. **Damage To Impaired Property Or Property Not Physically injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work", or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

* * * * * * * * *

## SECTION V – DEFINITIONS

* * * * * * * * *

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

* * * * * * * * *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same harmful conditions.

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of us shall be deemed to occur at the time of the "occurrence" that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

22. "Your Work";

   a. Means:

      (1) work or operations performed by you or on your behalf; and

      (2) materials, parts or equipment furnished in connection with such work or operations.

   b. Includes:

      (1) warranties or representations made at any time with respect to the fitness, qualify, durability, performance or use of "your work", and

      (2) the providing of or failure to provide warnings or instructions.

### A. DISCUSSION

Atain is only obligated to provide indemnification for claims that are covered by the terms and conditions of the Commercial General Liability policy issued to Olde Mohawk. Here, the policy provides coverage for an occurrence, which the policy defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy, as discussed above, specifically excludes coverage for

property damage arising out of the insured's operations or to any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it. The failure of Olde Mohawk to properly install the roof and comply with Massachusetts residential contracting law does not constitute an "occurrence." The commercial general liability policy issued by Atain does not provide coverage for Olde Mohawk's poor workmanship. Here, given the definition of an occurrence (i.e., an accident) as well as the express policy provisions excluding coverage for faulty workmanship, there is no coverage for the repair and remediation of the alleged improper roof. Furthermore, there is no coverage for the claims asserting violations of G.L. ch. 142A, G.L. ch. 93A, and breach of contract as such claims do not constitute an occurrence, fail to allege property damage, and are barred by the workmanship exclusions. As such, Atain will defend, but Atain will not indemnify, Olde Mohawk for the repair and remediation of the alleged improper roof, nor for the G.L. ch. 142A, G.L. ch. 93A, and breach of contract claims. To the extent the complaint alleges (other) property damage within the applicable policy periods, Atain will afford coverage for this claim, subject to a reservation of rights, as outlined herein.

Based on the above analysis, Atain will provide Olde Mohawk with a defense under the Commercial General Liability policy subject to a full reservation of rights to later withdraw its defense of this matter and/or refuse to indemnify Olde Mohawk to the extent the claims and/or the resulting damages are not covered and/or are excluded from coverage. Atain reserves the right to file an action for a Declaratory Judgment seeking a judicial determination of its rights under the subject policies. Subject to its reservation of rights, and right to disclaim coverage, Atain will be assigning the defense of this matter

to: Tang & Maravelis, P.C., 50 Mall Road, Suite 111, Burlington, Massachusetts. Counsel will contact you to discuss the defense of this case.

In agreeing to defend Olde Mohawk under a full reservation of rights with respect to the policy, Atain does not waive, but instead expressly reserves all rights it has under the policy and Massachusetts law, whether enumerated herein or not. Neither this letter, nor any action or inaction by Atain, shall be considered a waiver of any known or unknown further defense to coverage. Furthermore, the foregoing in no way restricts Atain from relying on or asserting any other grounds which are now available or which may become available to it in the future.

Atain is committed to prompt and fair handling of all claims for coverage. If you are in possession of further information which you believe might impact the assessment of this matter, please forward this information to my attention for consideration.

Thank you for your attention to this matter.

Very truly yours,

Matthew W. Perkins

MWP/km

cc: *Via email to*:
Thomas M. Tang, Esq.: ttang@tangmaravelis.com
David R. Lucas, Esq.: dlucas@lucaslawgroupllc.com